# UNITED STATES DISTRICT COURT
### for the
### District of Massachusetts

| | | |
|---|---|---|
| **GENESYS WOMEN SERVICES, P.A.** | ) | **Case No. _____** |
| **and DAMA ZIWORTIN** | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| **VS.** | ) | |
| | ) | **Jury Trial Requested** |
| **CYNOSURE, INC.** | ) | |
| **Defendant** | ) | |
| | ) | |

## COMPLAINT FOR A CIVIL CASE AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiffs, GENESYS WOMEN SERVICES, P.A. and DAMA ZIWORTIN (together "Plaintiffs") and files this their ORIGINAL THIRD-PARTY PETITION AGAINST DEFENDANT CYNOSURE, INC. in the above-styled action and would respectfully show the Court as follows:

## I.     PARTIES

1. Plaintiff GENESYS WOMEN SERVICES, P.A. ("Genesys") is a professional association organized in the State of Texas.

2. Plaintiff DAMA ZIWORTIN is an individual resident of the State of Texas.

3. Defendant CYNOSURE, INC. ("Defendant") is a Delaware corporation with its principal place of business in Westford, Massachusetts. Plaintiffs hereby request that Defendant be cited to appear and answer herein. Defendant can be served at its principal place of business at 5 Carlisle Road, Westford, Massachusetts 01886.

## II.    <u>JURISDICTION</u>

4.  This Court has jurisdiction over the causes of action set forth herein because the amount in controversy is within the jurisdictional limits of the Court.

5.  The Court has jurisdiction over CYNOSURE, INC., because this litigation arises out of a contract that contains a forum selection clause requiring suit arising out of the contract to be brought in federal courts in Boston, Massachusetts.

6.  This court has jurisdiction because there is complete diversity of citizenship between Plaintiffs and Defendant and the damages sought are in excess of the minimum jurisdictional limits of the court. *See* 28 U.S.C. § 1332. Further, there exists a justiciable controversy for which relief is sought. Defendant has availed itself to the jurisdiction of this Court and no inconvenience to the parties would arise as result of adjudicating this matter in Boston, Massachusetts.

## III.    <u>VENUE</u>

7.  Venue is proper in Boston, Massachusetts because Plaintiffs and Defendant are both parties to a contract with a forum selection clause requiring suit arising out of the contract to be brought in federal courts in Boston, Massachusetts.

## IV.    <u>FACTS</u>

8.  In December 2018, Plaintiffs purchased a machine called the Tempsure Vitalia, from Defendant. *See* Exhibit 1, Customer Purchase Agreement. Defendant marketed the product as certified by the Food and Drug Administration ("FDA") for vaginal rejuvenation.

9.  At approximately the same time as the purchase, Plaintiffs entered into an Equipment Finance Agreement with Pawnee Leasing Corporation, on December 5, 2018. The

agreement was to finance Plaintiffs' purchase of the Tempsure Vitalia machine for $119,886.88.

10. For months after purchase, the Tempsure Vitalia machine was not functioning correctly, and on March 25, 2019, a representative of Plaintiff Genesys Women Services P.A. ("Genesys") contacted Defendant complaining that the vaginal rejuvenation aspect of Tempsure Vitalia was no longer marketed on their website.

11. Defendant never notified Plaintiffs that the Tempsure Vitalia machine was not approved by the FDA for vaginal rejuvenation. In fact, it was marketed by Defendant to Plaintiffs for that reason. Had Plaintiffs knew that it had not been approved for vaginal rejuvenation uses, Plaintiffs would not have purchased the Tempsure Vitalia Machine.

12. Plaintiffs were unable to substantially use the Tempsure Vitalia machine in the way marketed by Defendant. Defendant intentionally and negligently marketed the Tempsure Vitalia system.

13. Plaintiffs brought suit against Defendant in Fort Bend County, Texas, but Defendant filed a Motion to Dismiss based on the forum selection clause contained in the Customer Purchase Agreement. The forum selection clause requires that Plaintiffs bring suit for claims arising out of the Customer Purchase Agreement, in federal court in Boston, Massachusetts. However, the Customer Purchase Agreement does not contain a choice of law clause. Because the acts and omissions complained of occurred in Texas and the Customer Purchase Agreement does not contain an enforceable choice of law clause, Texas law should be used to adjudicate this suit.

## V. PLAINTIFFS' CLAIMS  AGAINST DEFENDANT

### Count I: Breach of Warranty by Defendant

14. Defendant warranted to Plaintiffs that the Tempsure Vitalia machine was certified for use for vaginal rejuvenation. Plaintiffs relied on the warranties represented to them by Defendant's agents and in the contract between them. Defendant did not tell Third-Party Plaintiff that at the time of the purchase, the FDA had already issued warnings, and that Defendant was no longer allowed to market the Tempsure Vitalia machine for vaginal rejuvenation.

15. Defendant breached its warranties regarding the use and certification of the Tempsure Vitalia machine. Thus, Plaintiffs are entitled to their direct damages, consequential damages, statutory interest, attorney's fees, and any other recoverable damages at law.

### Count II: Common Law Fraud by Defendant

16. Defendant made a material false representation to Defendants by representing that the Tempsure Vitalia machine was authorized to be used for vaginal rejuvenation. However, Defendant knew that the machine was not approved for such use at the time it made the representation. Plaintiffs relied on Defendant's representations to their detriment by executing the contract with Defendant.

17. The representations were material. A material representation is one in which "a reasonable person would attach importance to and would be induced to act on…in determining his choice of actions in the transaction in question." *Samson Lone Star Ltd. P'ship v. Hooks*, No. 01-09-00328-CV, 2016 Tex. App. WL 1019217 (Tex. App.— Houston [1st Dist.] March 15, 2016, no pet. h.). Third-Party Plaintiff would not have

executed the contract if it had been disclosed the Tempsure Vitalia machine was no longer authorized to be used, or even allowed to be marketed, for vaginal rejuvenation.

18. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages to Plaintiffs.

19. Defendant's misrepresentations were made intentionally, with malice, and with reckless disregard for the rights of Defendants and others. As a result, Defendants are entitled to an award of exemplary, punitive damages.

**Count IV:  Negligent Misrepresentation by Defendant**

20. Defendant made a representation to Plaintiffs in a transaction in which they had an interest. Specifically, they knowingly stated to Plaintiffs that the Tempsure Vitalia machine was authorized for the use of vaginal rejuvenation and that the Tempsure Vitalia machine could be marketed for that use. They supplied this information for the guidance of others – namely, the Plaintiffs. The Plaintiffs relied on this representation, allowing Defendant to guide them in the process of making an informed decision of whether Plaintiffs should enter into a contract.

21. Defendant did not exercise reasonable care or competence in obtaining or communicating this information to Plaintiffs. Defendant had actual knowledge that the Tempsure Vitalia machine was no longer authorized for vaginal rejuvenation purposes, and also had actual knowledge that the machine could not be marketed for vaginal rejuvenation services. Yet, Defendant continued to falsely promise that the machine was authorized for such use.

22. Plaintiffs justifiably relied on the representations of Defendant. Plaintiffs would not have agreed to purchase the Tempsure Vitalia machine had they known that the machine was no longer authorized for vaginal rejuvenation and that the machine could not even be

marketed for vaginal rejuvenation purposes. As a direct result of Defendants' misrepresentations, Plaintiffs suffered damages.

### Count V:  Violation of Deceptive Trade Practices Act by Defendant

23. . Defendant misrepresented to Plaintiffs that, under the benefits of their written contract, they would receive the Tempsure Vitalia machine, a machine that was authorized for vaginal rejuvenation and could be marketed as such. Defendant, however, had no intention of providing a machine that was authorized for vaginal rejuvenation, or that could be marketed for vaginal rejuvenation services. Defendant's conduct constitutes a violation of the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE §17.46(b)(5).

24. Furthermore, Defendant misrepresented to Plaintiffs that the product it was providing was of a particular standard or quality when it was not. Defendant's conduct constitutes a violation of the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE §17.46(b)(7).

25. Defendant misrepresented to Defendants that the written contract conferred involved rights, remedies, and obligations, which it does not have or involve in violation of the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE §17.46(b)(12).

26. Defendant failed to honor the express and implied warranty to provide a product that would perform as would be reasonably expected, and in a good manner—a machine that was authorized to provide vaginal rejuvenation services. The product did not provide the quality of services warranted, given that the machine was not authorized for such services. Thus, Defendant's conduct constitutes a violation of the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE §17.50(a)(2).

27. Defendant committed unconscionable actions against Plaintiffs by taking advantage of Plaintiffs' lack of knowledge, ability, experience, or capacity to a grossly unfair degree in violation of TEX. BUS. & COM. CODE §17.50(a)(3).

28. Plaintiffs relied on Defendant's representations and deceptive acts to their detriment, violating TEX. BUS. & COM. CODE 17.50(a)(1)(B).

29. Further, Defendant committed many of the "laundry list" actions described as unlawful by the Texas Deceptive Trade Practices Act, including "failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed[.]" TEX. BUS. & COM. CODE §17.46(b)(24). Had Plaintiffs known that the Tempsure Vitalia machine would not be able to be used for vaginal rejuvenation services and would not be able to be marketed for such services, Plaintiffs would not have purchased the machine. Defendant knew that the Tempsure Vitalia machine could not be used for Plaintiffs' intended purposes and failed to disclose such information in an attempt to induce Plaintiffs into purchasing the machine.

30. Each of the acts described above, together and singularly, was done "knowingly" and "intentionally," and were a producing cause of Defendants damages described herein.

### Count XII:  Attorneys' Fees from Defendant

31. Consistent with Texas statutory provisions, Plaintiffs seek to recover their reasonable attorney's fees under TEX. CIV. PRAC. & REM. CODE ANN. §38.001, et. seq. It has become necessary for Plaintiffs to employ the legal assistance of Edwards Law Firm PLLC and Taylor Law Office to file these claims on behalf of Plaintiffs. Plaintiffs,

therefore, seek to recover from Defendant Cynosure, Inc. their reasonable and necessary attorneys' fees, including the Court's approval of additional attorneys' fees in the event of an appeal.

32. Pursuant to Rule 195.2 of the Texas Rules of Civil Procedure, Plaintiffs hereby designate the undersigned attorneys as their experts to testify as to reasonable and necessary attorneys' fees. Plaintiffs also designate any other counsel associated with the undersigned law firm who may be handling this suit at the time of trial as their expert on the issue of reasonable and necessary attorneys' fees incurred by Plaintiffs in the preparation, discovery, trial of this case, and post-trial activities.

## VI. CONDITIONS PRECEDENT

33. All conditions precedent to Plaintiffs' claims have occurred, have been performed by Plaintiffs, or have been waived by the Defendant (as the case may be).

## VII. DAMAGES

32. Plaintiffs now seek and request an award granting the following relief:

   a. Actual and consequential damages;

   b. All statutory damages;

   c. All reasonable and necessary attorneys' fees through the time of trial, and such further attorneys' fees in the event this matter is appealed;

   d. All expert fees and costs;

   e. All statutory interest;

   f. Plaintiff seeks up to $300,000 in this matter;

   g. Punitive and Exemplary damages;

   h. All costs of Court and in all appellate courts;

    i.   Pre-judgment and post-judgment interest at the highest rate allowed by law; and

    j.   All such other and further relief, general and special, legal and equitable, to which Plaintiff may be justly entitled.

### VIII. JURY DEMAND

33. Plaintiffs demand a jury trial and tender the necessary jury fee.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Genesys Women Services, P.A. and Dama Ziwortin, respectfully pray for the following: (i) that they recover on their claims, including costs, together with pre-judgment interest at the maximum rate allowed by law and post-judgment interest at the legal rate; (ii) that Defendant take nothing; (iii) that Plaintiffs shall be awarded their reasonable and necessary attorneys' fees; and (iv) that they be awarded such other and further relief to which they may be justly entitled.

Respectfully submitted,
GENESYS WOMEN SERVICES, P.A. and
DAMA ZIWORTIN
by their attorney,

*/s/ Phil A. Taylor*
Phil A. Taylor     BBO#659017
Taylor Law Office
2 Main Street, Suite 325
Stoneham, MA 02180
Phone: (781) 438-710
ptaylor@taylorlawoffice.us
**ATTORNEY FOR PLAINTIFFS
GENESYS WOMEN SERVICES, P.A.
and DAMA ZIWORTIN**